**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ANAEL RAMIREZ MARTINEZ
c/o 519 H Street NW
Washington, DC 20001

ALVARO GERSON APOLONIO AGUSTIN
c/o 519 H Street NW
Washington, DC 20001

     Plaintiffs,

v.

COSMO CAFÉ, INC.
d/b/a COSMO CAFÉ
600 Maryland Avenue SW, Suite 115W
Washington, DC 20024

     Defendant.

Civil Action No. _____

## COMPLAINT

1.     Defendant employed Plaintiffs at its restaurant, Cosmo Café. Defendant paid Plaintiffs a weekly salary that denied Plaintiffs minimum and overtime wages.

2.     Plaintiffs bring this action to recover damages for Defendant's willful failure to pay minimum and overtime wages, in violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

### Jurisdiction and Venue

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this

district, and a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in

this district.

## Parties

5.      Plaintiff Anael Ramirez Martinez is an adult resident of the District of Columbia.

6.      Plaintiff Alvaro Gerson Apolonio Agustin is an adult resident of the District of Columbia.

7.      Cosmo Café, Inc., is a District of Columbia corporation. It does business as "Cosmo

Café." Its primary business address is 600 Maryland Avenue SW, Washington, DC 20024. Its

resident agent is Su Myong Kim, 600 Maryland Avenue SW, Suite 115W, Washington, DC

20024. Cosmo Café, Inc., is owned and managed by Su Myong Kim.

## Factual Allegations

8.      Defendant owns and operates a restaurant called Cosmo Café, located at 600 Maryland

Avenue SW, Suite 115W, Washington, DC 20024.

### Factual Allegations Specific to Plaintiff Anael Ramirez Martinez

9.      Plaintiff Anael Ramirez Martinez worked at Cosmo Café from approximately August 1,

2015 through approximately June 5, 2016.

10.     Plaintiff Ramirez Martinez worked as a kitchen hand.

11.     Plaintiff Ramirez Martinez performed duties such as cleaning, cutting vegetables, and

cooking.

12.     Plaintiff Ramirez Martinez typically worked five days a week.

13.     Plaintiff Ramirez Martinez was assigned the following schedule:

| Day | Daily Schedule | Break | Total Hours Scheduled |
|---|---|---|---|
| Monday | 6:00 a.m. – 3:30 p.m. | 15 min. | 9.25 Hours |
| Tuesday | 6:00 a.m. – 3:30 p.m. | 15 min. | 9.25 Hours |

| Wednesday | 6:00 a.m. – 3:30 p.m. | 15 min. | 9.25 Hours |
|---|---|---|---|
| Thursday | 6:00 a.m. – 3:30 p.m. | 15 min. | 9.25 Hours |
| Friday | 6:00 a.m. – 3:30 p.m. | 15 min. | 9.25 Hours |
| Saturday | Off | Off | Off |
| Sunday | Off | Off | Off |
| | | | **Total: 46.25 Hours** |

14.     Plaintiff Ramirez Martinez typically worked during his 15-minute break.

15.     Plaintiff Ramirez Martinez typically worked overtime hours.

16.     Plaintiff Ramirez Martinez typically worked approximately 47 hours per week.

17.     Plaintiff Ramirez Martinez worked approximately 330 overtime hours.

18.     Plaintiff Ramirez Martinez was always paid a weekly salary.

19.     Plaintiff Ramirez Martinez was paid a $400.00 weekly salary throughout his employment.

20.     Plaintiff Ramirez Martinez was paid an effective hourly rate of $8.42 throughout his employment.

21.     Defendant never paid Plaintiff Ramirez Martinez overtime wages for any of his overtime hours.

22.     Defendant always paid Plaintiff Ramirez Martinez with cash.

23.     Defendant owes Plaintiff Ramirez Martinez approximately **$6,077.50** in unpaid minimum and overtime wages.

**Factual Allegations Specific to Plaintiff Alvaro Gerson Apolonio Agustin**

24.     Plaintiff Alvaro Gerson Apolonio Agustin worked at Cosmo Café from approximately March 1, 2015, through approximately January 27, 2016.

25.     Plaintiff Apolonio Agustin worked as a kitchen hand.

26.     Plaintiff Apolonio Agustin performed duties such as cleaning, cutting vegetables, and cooking.

27.     Plaintiff Apolonio Agustin typically worked five days a week.

28.     Plaintiff Apolonio Agustin was assigned the following schedule:

| Day | Daily Schedule | Break | Total Hours Scheduled |
|---|---|---|---|
| Monday | 6:00 a.m. – 3:30 p.m. | 15 min. | 9.25 Hours |
| Tuesday | 6:00 a.m. – 3:30 p.m. | 15 min. | 9.25 Hours |
| Wednesday | 6:00 a.m. – 3:30 p.m. | 15 min. | 9.25 Hours |
| Thursday | 6:00 a.m. – 3:30 p.m. | 15 min. | 9.25 Hours |
| Friday | 6:00 a.m. – 3:30 p.m. | 15 min. | 9.25 Hours |
| Saturday | Off | Off | Off |
| Sunday | Off | Off | Off |
| | | | Total: 46.25 Hours |

29.     Plaintiff Apolonio Agustin typically worked during his 15-minute break.

30.     Plaintiff Apolonio Agustin typically worked overtime hours every week.

31.     Plaintiff Apolonio Agustin typically worked approximately 47 hours per week.

32.     Plaintiff Apolonio Agustin worked approximately 360 overtime hours.

33.     Plaintiff Apolonio Agustin was always paid a weekly salary.

34.     Plaintiff Apolonio Agustin was paid a $360.00 weekly salary during his first two months of employment, a $380.00 weekly salary during his third and fourth month of employment, and a $400.00 weekly salary for the remainder of his employment.

35.     Plaintiff Apolonio Agustin was paid an effective hourly rate of $7.58 during his first two months of employment, $8.00 during his third and fourth months of employment, and $8.42 for the remainder of his employment.

36.     Defendant never paid Plaintiff Apolonio Agustin overtime wages for any of his overtime hours.

37.     Defendant always paid Plaintiff Apolonio Agustin with cash.

38.     Defendant owes Plaintiff Apolonio Agustin approximately **$6,042.50** in unpaid minimum

and overtime wages.

**General Factual Allegations**

39.     Su Myong Kim manages Defendant's day to day operations.

40.     Su Myong Kim manages Defendant's pay practices.

41.     At all relevant times, Cosmo Café served customers from 6:30 a.m. – 3:30 p.m., Monday

through Friday.

42.     At all relevant times, Plaintiffs cleaned the restaurant and prepared food prior to the

arrival of customers at 6:30 a.m.

43.     The District of Columbia's minimum wage was $9.50 per hour from July 1, 2014 through

June 30, 2015, and $10.50 per hour from July 1, 2015 through the present.

44.     Defendant paid Plaintiffs an effective hourly rate that was lower than the District of

Columbia's minimum wage.

45.     At all relevant times, federal and District of Columbia law required Defendant to pay

Plaintiffs one and one-half times Plaintiffs' hourly rate for all hours worked over 40 in any one

workweek.

46.     At all relevant times, the annual gross volume of Defendant's business exceeded

$500,000.00.

47.     At all relevant times, Defendant had two or more employees who handled goods and/or

materials that had travelled in or been produced for interstate commerce.

48.     At all relevant times, Defendant had the power to fire Plaintiffs.

49.     At all relevant times, Defendant had the power to control Plaintiffs' work schedule.

50.     At all relevant times, Defendant had the power to set Plaintiffs' rate of pay.

51.     At all relevant times, Defendant did not maintain true and accurate records of each hour, day, and week worked by Plaintiffs, or of how much Plaintiffs were paid for Plaintiffs' work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiffs will only be known through discovery.

52.     Defendant intentionally did not provide Plaintiffs with statements that itemized the actual number of hours worked and the amounts paid per hour, as required by D.C. Code § 32-1008 (b).

53.     Defendant intentionally did not provide Plaintiffs with statements that itemized the actual number of hours worked and the amounts paid per hour, in order to conceal the actual number of hours Plaintiffs worked and Plaintiffs' hourly rate.

54.     Defendant failed to provide Plaintiffs with notice of Plaintiffs' employer's name, address, the employee's rate of pay, and the employer's regular payday, as required by D.C. Code § 32-1008 (c).

55.     Defendant intentionally did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009.

56.     Defendant did not provide Plaintiffs with actual or constructive notice of Plaintiffs' employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

57.     At all relevant times, Defendant was aware that it was legally required to pay Plaintiffs the minimum wage required by the District of Columbia.

58.     At all relevant times, Defendant was aware that it was legally required to pay Plaintiffs one and one-half times Plaintiffs' regular rate for all hours worked in excess of 40 hours in any one workweek.

6

59.     At all relevant times, Defendant was aware that it was legally required to timely pay

Plaintiffs all wages legally due to Plaintiffs.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

60.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

61.     Defendant was an "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. §

203(d).

62.     The FLSA permits states to set a minimum wage higher than that provided for by the

FLSA. 29 U.S.C. § 218.

63.     The FLSA requires employers to pay non-exempt employees one and one-half times their

regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. §

207(a)(1).

64.     Defendant violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-

half times Plaintiffs' regular rate for hours worked in excess of 40 hours in any one workweek.

65.     Defendant's FLSA violations were willful.

66.     For its FLSA violations, Defendant is liable to Plaintiffs for unpaid overtime wages, an

equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses,

interest, and any other relief deemed appropriate by the Court.

## COUNT II

### FAILURE TO PAY WAGES UNDER THE DCWPCL

67.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

68.     Defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL, D.C.

Code § 32-1301(1).

69.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

70.     For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

71.     Defendant violated the DCWPCL by knowingly failing to pay Plaintiffs all wages earned, including minimum and overtime wages.

72.     Defendant's DCWPCL violations were willful.

73.     For its DCWPCL violations, Defendant is liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant, on all counts, and grant the following relief:

a.      Award Plaintiffs **$48,480.00**, consisting of the following overlapping elements:

   i.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii.     unpaid District of Columbia minimum and overtime wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiffs reasonable attorneys' fees and expenses incurred in the

prosecution of this action;

d.      Award Plaintiffs court costs; and

e.      Award any additional relief the Court deems just.


Date: June 27, 2016                          Respectfully submitted,

                                             /s/ Justin Zelikovitz, Esq.
                                             Justin Zelikovitz, #986001
                                             LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
                                             519 H Street NW
                                             Washington, DC 20001
                                             Phone: (202) 803-6083
                                             Fax: (202) 683-6102
                                             justin@dcwagelaw.com

                                             *Counsel for Plaintiffs*